# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUAN SANDERS,

    **Plaintiff,**

v.                                                Civil Action No. 1:16cv102
                                               (Judge Keeley)

CBCINNOVIS, INC.,

    **Defendant.**

## REPORT & RECOMMENDATION/OPINION RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED

This matter before the Court is pursuant to Defendant CBCINNOVIS, Inc.'s "Motion to Dismiss" [Doc. No. 6] filed on June 8, 2016. District Court Judge Irene M. Keeley entered an order on June 1, 2016, referring the pending motion to the undersigned for a Report and Recommendation (Doc. No. 3).

### I. Procedural History

On April 26, 2016, Plaintiff Juan Sanders, an inmate at FCI Hazelton, filed a *pro se* Complaint against Defendant in the Circuit Court of Preston County, West Virginia, alleging defamation, and violations of the West Virginia Consumer Credit Protection Act and the Fair Credit Reporting Act due to an attributed debt Plaintiff claims he does not have (Doc. No. 1). On June 1, 2016, Defendant filed a Notice of Removal to the Northern District of West Virginia. Id.

One week after filing the Notice of Removal, Defendant filed the pending motion to dismiss (Doc. No. 6). The Court subsequently issued a *Roseboro* Notice to Plaintiff informing him that a response to the pending motion must be filed on or before July 8, 2016 (Doc. No. 9). As of this date, Plaintiff has not filed any type of response to the motion to dismiss.

## II. Defendant's Motion to Dismiss

Defendant moved that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted (Doc. No. 6). Specifically, Defendant argues that (1) Plaintiff has suffered no damages; (2) no inaccurate information was reported to a credit reporting agency; (3) no attempt has been made to collect Plaintiff's debt; and (4) the Fair Credit Reporting Act preempts Plaintiff's defamation claim (Doc. No. 8 at 2).

Turning to Plaintiff's claim that he has suffered damages, Defendant argues that all Plaintiff is doing is making "general allegations" and "naked assertions" without evidence to support them. Id. at 7. Additionally, Defendant states that harm to Plaintiff's credit rating and his inability to sign a loan does not constitute "actual damages" under the law. Id. at 8–11. Addressing Plaintiff's other accusations, Defendant notes that it is not a debt collector and does not report credit information to consumer reporting agencies because, in fact, it is a consumer reporting agency. Id. at 11–12. Finally, Defendant argues that Plaintiff has failed to show all elements of a defamation claim and it is nonetheless preempted by the Fair Credit Reporting Act. Id. at 13–14.

## III. Plaintiff's Response

After Defendant filed its motion to dismiss [Doc. No. 6], the Court issued a *Roseboro* Notice to Plaintiff directing him to file a response on or before July 8, 2016 (Doc. No. 9). As of this date, Plaintiff has not filed any response.

## IV. Discussion

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read

the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Plaintiff's Claims Should Be Dismissed for Failure to State a Claim upon Which Relief Can Be Granted.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . to one that is 'plausible on its face' . . . rather than merely 'conceivable.'" Id. at 570.

Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted

unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

Here, the Plaintiff has not made a short and plain statement showing that he is entitled to relief. Plaintiff claims that Defendant violated W. Va. Code §§ 46A-2-124, 127, and 15 U.S.C. § 1681s-2(a)(1)(A). (Doc. No. 1). Both W. Va. Code §§ 46A-2-124 and 127 pertain to "debt collectors." W. Va. Code §§ 46A-2-124, 127. A "debt collector" is defined as "any person or organization engaging directly or indirectly in debt collection. The term includes any person or organization who sells or offers to sell forms which are, or are represented to be, a collection system, device or scheme, and are intended or calculated to be used to collect claims." W. Va. Code § 46A-2-122(d).

In his complaint [Doc. No. 1], Plaintiff admits that Defendant is a "Credit Reporting Institution" and alleges no support to show that Defendant is a debt collector. No facts demonstrate that Defendant engaged in any threat, coercion or attempted coercion required by W. Va. Code § 46A-2-124. See § 46A-2-124. Furthermore, Plaintiff alleges no facts to show that Defendant engaged in any "fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers" in violation of W. Va. Code § 46A-2-127. See § 46A-2-127. This lack of factual support fails to meet the standard as required by Iqbal. See Iqbal, 556 U.S. at 622, 678.

Plaintiff also runs into the same problem regarding his claim under 15 U.S.C. § 1681s-2(a)(1)(A), which states: "A person *shall not furnish any information* relating to a consumer *to any consumer reporting agency* if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A) (emphasis added). A "consumer reporting agency" is defined as:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

As previously stated, Plaintiff states in his own Complaint that Defendant is a "Credit Reporting Institution" [Doc. No. 1], which is synonymous with "consumer reporting agency." Because Defendant is unable to falsely report information to themselves, Plaintiffs claim regarding 15 U.S.C. § 1681s-2(a)(1)(A) falls apart as well. Contrary to Iqbal, Plaintiff alleges no facts in support of Defendant furnishing inaccurate information to themselves in violation of 15 U.S.C. § 1681s-2(a)(1)(A). See 15 U.S.C. § 1681s-2(a)(1)(A). Plaintiff further contradicts Iqbal by only offering conclusions that he suffered, with no factual backing, "financial damage, credit damage, damages to reputation, embarrassment, humiliation, and other emotional and mental distress" and that he was "prevented him from closing on loans sought by his son." (Doc. No. 1).

For the reasons stated above, Plaintiffs claim is not plausible on its face and there is no reasonable inference the Court can draw in which the Defendant would be liable for the misconduct alleged. Therefore, Defendant's Motion to Dismiss [Doc. No. 6] regarding Count 1 should be granted.

**B. Plaintiff's Claim of Malicious or Negligent Defamation Is Preempted by the Fair Credit Reporting Act.**

Consumers are entitled to an annual free credit report from consumer reporting agency. See 15 U.S.C § 1681j. Upon request of the consumer, 15 U.S.C. § 1681g requires, among other things, that a credit reporting agency disclose the following to the consumer: (1) all of the information in the consumer's file; (2) the sources of the information; (3) identification of each

person that obtained the consumer report for employment or other purposes; (4) any adverse characterization of the consumer (ex. payees and amounts); (5) a record of all inquiries received by the agency within the past one year that was not initiated by the consumer for credit or insurance purposes; and (6) a statement that the consumer is entitled to obtain a credit score if they have not received one previously. See 15 U.S.C. § 1681g(a)(1-6). The Fair Credit Reporting Act ("FCRA") states:

> [N]o consumer may bring any action or proceeding in the nature of *defamation*, invasion of privacy, or negligence with respect to the reporting of information against *any consumer reporting agency*, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphasis added).

Here, Defendant is preempted from Plaintiff's "Malicious or Negligent Defamation" under the Fair Credit Reporting Act (Doc. No. 1). Plaintiff requested, and received, his free annual credit report pursuant to 15 U.S.C § 1681j. (Doc. No. 8 at Ex. 7, 8). Defendant replied with the appropriate information required by 15 U.S.C. § 1681g (Doc. No. 8 at Ex. 8). As previously stated above, Defendant is a consumer reporting agency. Because Defendant is a consumer reporting agency, and Plaintiff received his credit disclosure pursuant to 15 U.S.C. § 1681g, Plaintiff is barred from filing a defamation claim against the Defendant and does not have a claim that is "plausible on its face" under Iqbal. Additionally, Plaintiff has not provided any factual evidence to show that the exception under FCRA should apply. Therefore, Defendant's Motion to Dismiss [Doc. No. 6] regarding Count 2 should be granted.

## V. Conclusion

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendant's "Motion to Dismiss" [Doc. No. 6] be **GRANTED** and Plaintiff's Complaint [Doc. No. 1] be **DISMISSED WITH PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

Date: July 13, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE